UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| MODESTO RODRIGUEZ; | § | |
| Plaintiff, | § § § | |
| v. | § § | NO. 1:21-CV-1087-RP |
| CITY OF AUSTIN and JOHN DOES; | § § § | |
| Defendants. | § § | |

**O R D E R**

Before the Court is Defendant City of Austin's Motion to Exclude the Expert Opinions and Testimony of Michael S. Maloney, Dkt. 33, and all related responses and replies. The District Court referred the motion to the undersigned Magistrate Judge for disposition pursuant to 28 U.S.C. § 636(b)(1)(A), Fed. R. Civ. P. 72, and Rule 1(c) of Appendix C of the Local Rules.

**I. BACKGROUND**

This is a federal civil rights cause of action, brought by Modesto Rodriguez, alleging excessive force against John Doe officers and the City of Austin for injuries he sustained while participating in a protest on May 30, 2020. The City moves to exclude Rodriguez's expert, Michael S. Maloney, asserting he is not qualified to opine and testify on the officer's use of force and the City's training of its officers. The City argues Maloney is not qualified to testify as an expert in the field of police standards, practices, and policies using the use of force. Dkt. 33. Rodriguez responds that Maloney's experience as a police officer and in law enforcement renders him an

1

expert on what police officers should consider before discharging a weapon, as well as an officer's general duty to render aid. Dkt. 34.

## II. LEGAL STANDARD

Federal Rule of Evidence 702 provides the standard for determining the admissibility of expert testimony. *Daubert v. Merrell Dow Pharms.*, 509 U.S. 579, 597-98 (1993). Rule 702 provides:

> A witness who is qualified as an expert by knowledge, experience, training, or education may testify in the form of an opinion or otherwise if:
>
> (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue;
>
> (b) the testimony is based on sufficient facts or data;
>
> (c) the testimony is the product of reliable principles and methods; and
>
> (d) the expert has reliably applied the principles and methods to the facts of the case.

Fed. R. Evid. 702. Under *Daubert*, a trial court acts as a "gatekeeper," making a "preliminary assessment of whether the reasoning or methodology properly can be applied to the facts in issue." *Daubert*, 509 U.S. at 592-93; *see also Kumho Tire v. Carmichael*, 526 U.S. 137, 147 (1999); *Pipitone v. Biomatrix, Inc.*, 288 F.3d 239, 243-44 (5th Cir. 2002). *Daubert* and its principles apply to both scientific and non-scientific expert testimony. *Kumho Tire*, 526 U.S. at 147. Experts need not be highly qualified to testify, and differences in expertise go to the weight of the testimony, rather than admissibility. *Huss v. Gayden*, 571 F.3d 442, 452 (5th Cir. 2009). Nonetheless, courts need not admit testimony that is based purely on the unsup-

ported assertions of the expert. *Gen. Elec. Co. v. Joinder*, 522 U.S. 136, 146 (1997); *Moore v. Ashland Chem. Inc.*, 151 F.3d 269, 276 (5th Cir. 1998).

In addition to being qualified, an expert's methodology for developing the basis of her opinion must be reliable. *Daubert*, 509 U.S. at 592-93; *Moore*, 151 F.3d at 276. "The expert's assurances that he [or she] has utilized generally accepted scientific methodology is insufficient." *Moore*, 151 F.3d at 276. Even if the expert is qualified and the basis of his or her opinion is reliable, the underlying methodology must have also been correctly applied to the case's particular facts in order for the expert's testimony to be relevant. *Daubert,* 509 U.S. at 593*; Knight v. Kirby Inland Marine Inc.*, 482 F.3d 347, 352 (5th Cir. 2007). The party proffering expert testimony has the burden of establishing that the challenged testimony is admissible. Fed. R. Evid. 104(a). The proponent does not have to demonstrate that the testimony is correct, only that the expert is qualified and that the testimony is relevant and reliable. *Moore*, 151 F.3d at 276.

"As a general rule, questions relating to the bases and sources of an expert's opinion affect the weight to be assigned that opinion rather than its admissibility and should be left for the [trier of fact's] consideration." *Viterbo v. Dow Chem. Co.*, 826 F.2d 420, 422 (5th Cir. 1987). "Vigorous cross-examination, presentation of contrary evidence, and careful instruction on the burden of proof are the traditional and appropriate means of attacking shaky but admissible evidence." *Daubert*, 509 U.S. at 596.

## III. ANALYSIS

The City moves to strike Maloney's testimony based on the fact that he is a forensic consultant and trainer, and not an expert on the standards for law enforcement use of force or policies or practices regarding the use of force. In sum, the City argues that Maloney is an expert in the arena of forensic science, and his testimony should not stray outside that arena. The City also argues that Maloney's law enforcement experience is limited to employment as a deputy sheriff for approximately two years forty years ago and employment as a parks and recreation officer for one year, also forty years ago.

Thus, the City asserts that Maloney has improperly rendered opinions, outside his area of expertise, regarding APD officers' use of force in the incident which is the subject of this lawsuit. Among these opinions are: (1) that the officers violated APD's internal use of force guidelines, and that Rodriguez did not pose a threat to the officers, Dkt 33-2, at 6-8; (2) what factors and questions officers must consider when making the "[d]ecision to shoot or not shoot," *id.*, at 6-7; (3) that the officers on the I-35 overpass who fired their less-lethal weapons "failed to exercise good judgment or control" and "sprung an ambush" on Rodriguez, *id.*, at 8; and (4) that officers failed to provide required aid to Rodriguez after impacting him with less-lethal beanbags, *id.*, at 8. The City argues these opinions are outside of Maloney's knowledge, skill, experience, training, and education. The City moves to strike the opinions and exclude any testimony of Maloney in the subject areas of law enforcement standards, practices and policies regarding use of force.

4

In support of its argument, the City cites Maloney's deposition testimony. When asked what areas he considered himself an expert for the purposes of this case, Maloney stated: "I consider myself an expert in crime scene or death scene, or injury scene reconstruction … photogrammetry … and wound dynamics and mechanism of injury." Dkt. 33-2, at 11-13. He also testified that he is not an expert in the "standards used to evaluate law enforcement uses of force." *Id.*, at 74. When asked: "[A]re you holding yourself out as an expert in the policies and standards of law enforcement uses of force?" he replied: "No, I am not." *Id.*, at 75. The City also cites, *Ambler v. Nissen*, No. 1:20-cv-1068-LY, 2023 WL 4612016 (W.D. Tex. July 18, 2023), and *Pharr v. Wille*, No. 1:14-CV-762-DAE, 2016 WL 4082740 (W.D. Tex. July 29, 2016), in support.

Rodriguez responds that while he is an expert on the topic of forensics, Maloney's experience in law enforcement qualifies him to testify on what factors an officer should consider in deciding to use force, particularly in regard to discharging a weapon and rendering aid. Maloney testified in his deposition about his experience in law enforcement and experience with use of force, which qualify him to render his opinions. He testified that "I've certainly been involved at a supervisory level and at a strategic decision-maker level on use of force." Dkt. 33-2, at 25. Maloney testified that he had over twenty years' experience in law enforcement as an officer or supervisor and that he carried a weapon during these times. *Id.*, at 25. He explained his experience as an officer, including experience in a threat mitigation unit in the Middle East, in the Naval Criminal Investigative Service, and in Hawaii overseeing

5

officers executing warrants, executing raids, and arresting felons. *Id.* He testified that his opinions about use of force were not based upon City of Austin policy but on a model use of force promulgated federally. Dkt. 33-2, at 24-25. He also testified that, "I certainly do consider myself an expert …. I certainly have more knowledge than the common man in those areas, and I've exercised it in real-world situations." *Id.*

In issue is whether Maloney has the requisite expertise to testify on the areas outlined above. As explained above, a witness who is qualified as an expert by knowledge, skill, experience, may testify if it will help the trier of fact to understand the evidence or to determine a fact in issue. Thus, "[t]he court may admit proffered expert testimony only if the proponent, who bears the burden of proof, demonstrates that (1) the expert is qualified, (2) the evidence is relevant to the suit, and (3) the evidence is reliable." *Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 147 (1999).

A district court should refuse to allow an expert witness to testify if it finds that the witness is not qualified to testify in a particular field or on a particular subject. *Wilson v. Woods*, 163 F.3d 935 (5th Cir. 1999). However, an expert witness need not be highly credentialed or qualified to offer an expert opinion to the factfinder. *Carlson v. Bioremedi Therapeutic Sys., Inc.*, 822 F.3d 194, 199-200 (5th Cir. 2016). "Rule 702 does not mandate that an expert be highly qualified in order to testify about a given issue. Differences in expertise bear chiefly on the weight to be assigned to the testimony by the trier of fact, not its admissibility." *Huss,* 571 F.3d at 452 (5th Cir. 2009).

While his academic training is in the area of forensics, Maloney testified that he has served as a law enforcement officer for over twenty years, that he himself carried a weapon, that he has been trained and trained other officers in use of force decision making. Dkt. 33-2, at 21, 25 ("I carried a weapon for those 20 years, and I certainly had to know when it was appropriate to deploy it and when it wasn't and then also on policy and guidance for those that work for me and for policy and guidance for within the Naval Criminal Investigative Service which is who I worked for.") The Court distinguishes *Ambler*, 2023 WL 4612016, and *Pharr*, 2016 WL 4082740, from this case, because in those cases, the alleged experts did not have the depth of hands-on law enforcement background that Maloney possesses.

Moreover, "as a general rule, questions relating to the bases and sources of an expert's opinion affect the weight to be assigned that opinion rather than its admissibility and should be left for the [trier of fact's] consideration." *Viterbo v. Dow Chem. Co.*, 826 F.2d 420, 422 (5th Cir. 1987). The undersigned finds that Maloney's law enforcement experience qualifies him to testify on the issues described above and that his testimony should not be excluded. Any weaknesses in his opinions or their bases are better addressed on cross-examination.

Defendant City of Austin's Motion to Exclude the Expert Opinions and Testimony of Michael S. Maloney, Dkt. 33, is **DENIED**.

SIGNED September 14, 2023.

_____
DUSTIN M. HOWELL
UNITED STATES MAGISTRATE JUDGE